The final case set for argument this morning is N. Ray DiPietro, number 20-3629. Good morning, if it pleases the court. Richard Duvall, McCabe-Mack Poughkeepsie for the Hudson Valley Credit Union. I'm happy to address the jurisdictional points raised in the in the letter or go right to the substance of the... I would appreciate your addressing the jurisdictional points. I'm concerned that we don't have jurisdiction over this appeal, that we don't have a final decision based on the district court's remand, you know, affirmance in part, vacatory in part, and remand to the bankruptcy court for determination of damages. I don't think that Rule 54... I'm concerned that the Rule 54 decision didn't cure that because there wasn't a final, complete determination. And so I'm troubled about whether we actually have authority to go forward. So maybe you can set my concerns to rest. Sure, I'll do my best. I think when you get back to the electrical fittings case, which I quoted the essential holding toward the end of my letter, Judge, I think that's where we are. We have an order from the bankruptcy court that was appealed, which disposed of the only issue before it, which was whether the that order was expressly affirmed at the district court, but the monetary damages were remanded. But the order was tied up with whether there was an actual damages finding, whether punitive damages finding was abuse of discretion, and, you know, absent any showing of actual damages as well, it seemed to me more wrapped up in the liability determination than you're we'd be in a different place, but the order remained outstanding. The bankruptcy court only dismissed the proceedings seeking to establish a dollar figure. The timeline here is also meaningful in this regard. We made our motion for 54B certification on June 15 of 2019. It wasn't addressed by the district court until September 30 of 2020, and that was only after the bankruptcy court had found that Mr. DiPietro never showed up, so they weren't able to proceed. But rule 54B is only, allows the court to adjudicate fewer than all claims or the rights and liabilities of fewer than all the parties, and, you know, this is not a complete claim. There's an order, but there's no finding of liability in amount. I don't see how those can be segregated. Well, the credit union simply sought review of the finding, again, affirmed that it was guilty of willful contempt. It's a significant institution and it treasures its reputation, and under the law, both as it existed prior to the Fulton and Chicago case by the Supreme Court, as well as especially after that, the credit union did nothing wrong, and it wishes to have that reflected in the record, and that's why we continue here. Let me ask you this. There's no appearance in this case whatever from the bankrupt, is that right? Not since the contested in the district court and has not appeared in this case. And we've got no brief, we've got no contest to our jurisdiction, right? There's been nothing from the debtor. Are you, so is it your position that the debtor here has simply defaulted? Well, yes, the debtor failed to prosecute. It was the movement. Failed to prosecute below and defaulted in our court. Yes. Okay. And so you don't want the judgment changed though, do you? We would like the record to reflect that the credit union did not commit contempt and was not guilty of willful contempt. You'd like to win here by default, right? I'm happy, I'm not, I'm here. And the other, in the DES case, which this court's order asked us to address, the same circumstance prevailed. And this court held that the mere disinterest of the opposing party in entering the fray was not enough to turn this court away from addressing the substance of the question. If we were to find that we don't have seeking to overturn the judgment, you're seeking to overturn an underlying order that has no, it may have some collateral effect. We can talk about that in a minute. But if we were to dismiss as moot, it might be within our armory to also vacate the underlying order as a product of that mootness determination and therefore kind of wipe the record in that way rather than to rule on the merits. Because it's difficult to address the merits questions here absent briefing. Reasonable people can differ, I think, about online banking and the kind of actions that your client took in this circumstance and the legitimacy vis-a-vis the 362 stay. Understood, Your Honor. And I get it that if this appeal is dismissed for lack of appellate jurisdiction, it drives home the point that there is no estoppel effect because that's what the cases say. So I get that. At the same time, I think that this case is different from the DES case and the latter case because this was an ultimate finding on the only fact that was before the banking support judge, which was whether what happened here was contemptuous violation of the automatic stay. Well, it's a legal determination, right? Well, it's a willful, I mean, we're talking about intentionally, you know, close off the debit card and the access to online, his access using online manipulation of this bank account. Sure. There's no question but that the credit union did what it did and it intended to do what it did. The question was whether was that conduct violation of the automatic stay? And I think clearly after Fulton and the city of Chicago, which held that mere retention, quote unquote, mere retention of those chapter 13 debtors' automobiles, which had been repossessed for traffic tickets in Chicago, that mere possession, which was a hardship clearly on the one of the debtors had to drive an hour and a half to work and he couldn't because the city had his car. But the Supreme Court held that that was not a violation of automatic stay, construing 542 and 362 together because 542 gives those debtors the turnover option and says that that's what the debtors are supposed to do. But they also said that all the affirmative acts had been taken before the debtor filed for bankruptcy, whereas here the after the bankruptcy filing, the canceling of the debit card and the elimination of online access. Isn't that correct or do I have the timeline wrong? No, that's correct. It was as a result of the filing without question. So aren't those affirmative actions that would take it outside the protection of Fulton? Not at all, Judge. They were affirmative actions that did not restrict the debtors' access to the funds. The debtor only had to go to the bank to get the ultimate question, though, isn't it, on the merits? Well, the Supreme Court in Fulton and City of Chicago expressed the overruled Weber, which had held that precisely that conduct was wrong. So I think we're on point that even before Fulton and City of Chicago, the credit union's conduct was not a violation of the automatic stay. It may have been willful because it was the product of a policy, but it was not a violation of automatic stay. Clearly after Fulton, the credit union should be found by this court. And I would appreciate your suggestion, Justice Carney, that the record should be clear and the underlying order and the affirmance of the order by the district court should be vacated. Could you advise us whether the bank has actually changed its policy? Is there uncertainty right now about whether, how to respond to the bankruptcy court's ruling? Since August of 2017, I know that the credit union has not implemented that policy. I can't speak to whether they've changed it since the Fulton case in January of 2021, but clearly the credit union had to respect and did respect Judge Morris's position as affirmed by Judge Karras. So there was no, we're not duking it out with Judge Morris on a day-to-day basis on this point. And I don't know what the policy will be going forward. Colleagues? All right. No further questions. I think we have the arguments then. Thank you very much for your submissions. We'll take the matter on submission. Thank you. Thank you very much. Thank you. This concludes our oral arguments this morning. So I'll ask the clerk to adjourn court. Court stands adjourned. Thank you, judges. I'll transfer you. Thank you. Thank you.